UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

WILLIAM FESNIAK, SR.,

                 Plaintiff,          Civil No. 14-3728 (NLH/KMW)

v.

EQUIFAX MORTGAGE SERVICES          **OPINION**
LLC, et al.,

                 Defendants.
_____

**APPEARANCES:**

Erin Amanda Novak, Esquire
Mark D. Mailman, Esquire
Francis & Mailman PC
100 South Broad Street
19th Floor
Philadelphia, Pennsylvania 19110

        *Attorneys for Plaintiff*

Dorothy A. Kowal, Esquire
Price, Meese, Shulman & D'Arminio, PC
Mack-Cali Corporate Center
50 Tice Boulevard
Woodcliff Lake, New Jersey 07677

        *Attorneys for Defendant Experian Information*
        *Solutions, Inc.*

Kelly Ann Williams, Esquire
Picadio Sneath Miller & Norton PC
444 Liberty Avenue
Suite 1105
Pittsburgh, Pennsylvania 15222

        *Attorneys for Defendant Corelogic Credco, LLC*

1

Richard A. O'Halloran, Esquire
Ross G. Currie, Esquire
Dinsmore & Shohl LLP
1200 Liberty Ridge Drive
Suite 310
Wayne, Pennsylvania 19087

    *Attorneys for Defendant Credit Plus, Inc.*

**HILLMAN, District Judge:**

Presently before the Court is a motion [Doc. No. 15] filed by Defendant Credit Plus, Inc. (hereafter, "Credit Plus") seeking dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue. Also before the Court is a motion [Doc. No. 26] to change venue filed by Defendant Experian Information Solutions, Inc. (hereafter, "Experian"), which motion has been joined in by Defendant CoreLogic Credco, LLC (hereafter, "CoreLogic"). Plaintiff opposes both motions.

The Court has considered the submissions of the parties and decides this matter pursuant to Fed. R. Civ. P. 78. For the reasons that follow, Credit Plus' motion will be granted in part and denied in part. Experian's motion will be denied.

## I.   BACKGROUND

Plaintiff brought this action for damages under the FCRA against Experian, CoreLogic, Credit Plus, and Equifax Mortgage Services LLC (hereafter, "Equifax"). Plaintiff generally avers that Defendants employ "faulty" procedures that caused

Plaintiff's credit file to be mixed with the credit file of another consumer, which has purportedly caused damages to Plaintiff in the form of credit denial, loss of credit opportunity, credit defamation and emotional distress.  (Compl. ¶¶ 10, 22.)

In the complaint, Plaintiff alleges that Equifax, CoreLogic and Credit Plus obtain consumer credit information from the three major credit reporting agencies -- Experian, Trans Union, LLC and Equifax Information Services LLC -- and then assemble the information into consumer credit reports which are sold to third parties. (Compl. ¶¶ 13, 14.)  Plaintiff avers that Equifax, CoreLogic and Credit Plus requested and obtained a report from Experian about Plaintiff that erroneously included a bankruptcy, but the reports from Trans Union and Equifax Information Services did not contain similar information.  (Id. ¶¶ 14-20.)[1]  According to Plaintiff, Equifax, CoreLogic and Credit Plus "did nothing to investigate the conflicting information received from the three major credit bureaus about

---

[1] The complaint does not expressly allege that Credit Plus obtained a report from Experian that contained the bankruptcy, but Plaintiff implies that Credit Plus obtained such information from Experian in that he alleges that Credit Plus sold a consumer credit report about Plaintiff that included the bankruptcy.  (Br. in Supp. of Def. Credit Plus, Inc.'s Mot. to Dismiss [Doc. No. 15-1] 2 n.1.)

the bankruptcy[,]" and then sold consumer credit reports about Plaintiff that included the bankruptcy.  (Id. ¶¶ 20-21.)

The complaint contains one count for a violation of the FCRA against Experian for its purported willful and negligent failure to comply with the requirements imposed on a consumer reporting agency under the FCRA, and one count against Equifax, CoreLogic and Credit Plus for these defendants' alleged failure to "employ and follow reasonable procedures to assure maximum possible accuracy and privacy of Plaintiff's credit report, information and file" in violation of the FCRA.  (Id. ¶¶ 29, 33.)  Plaintiff and Equifax reached a settlement as to Plaintiff's claims against that defendant.

Credit Plus now moves for dismissal of the complaint on the grounds of lack of personal jurisdiction and improper venue because New Jersey purportedly has no connection to the claims or parties in this case.  Experian moves to change venue to the Eastern District of North Carolina, arguing that New Jersey has no contacts with this case.  CoreLogic did not separately move for a change of venue but joins in Experian's motion.  (Mem. of Law in Supp. of Def. Experian Information Solutions, Inc.'s Mot. to Transfer Venue to the Eastern District of North Carolina [Doc. No. 26-7] (hereafter, "Experian's Br.") 5.)  Credit Plus objects to Experian's motion to change venue to the extent that such motion results in the transfer of the entire action rather

4

than dismissal of Plaintiff's claims against Credit Plus.

(Letter from Ross G. Currie, Esq. [Doc. No. 30] 1.)

## II. <u>JURISDICTION</u>

Plaintiff brings this action against Defendants asserting claims under the FCRA. The Court therefore has subject matter jurisdiction over these federal claims under 28 U.S.C. § 1331.

## III. <u>LEGAL STANDARDS</u>

### A. Personal Jurisdiction

#### 1. Burden of Proof

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of an action when the Court does not have personal jurisdiction over a defendant. "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction." <u>O'Connor v. Sandy Lane Hotel Co., Ltd.</u>, 496 F.3d 312, 316 (3d Cir. 2007) (citing <u>Gen. Elec. Co. v. Deutz AG</u>, 270 F.3d 144, 150 (3d Cir. 2001)).

When a motion to dismiss is made, the plaintiff must establish a prima facie case of personal jurisdiction. <u>Carteret Sav. Bank v. Shushan</u>, 954 F.2d 141, 142 n.1 (3d Cir.), <u>cert. denied</u>, 506 U.S. 817, 113 S. Ct. 61, 121 L. Ed. 2d 29 (1992) (citations omitted). A plaintiff may do so by alleging sufficient facts to establish jurisdiction over the defendant, and the Court must accept these allegations as true and construe

5

disputed facts in favor of the plaintiff.  Metcalfe v.
Renaissance Marine, Inc., 566 F.3d 324, 330-31 (3d Cir. 2009)
(citing Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457
(3d Cir. 2003)).  "If the moving party fails to submit evidence
contravening the allegations of the complaint, the court is
bound to accept plaintiff's allegations regardless of whether
plaintiff presents further evidence in support thereof."  In re
Chocolate Confectionary Antitrust Litig., 641 F. Supp. 2d 367,
382 n.21 (M.D. Pa. 2009) (citations omitted).  However, if the
facts alleged to support jurisdiction are in dispute, the
plaintiff must prove, by a preponderance of the evidence, facts
sufficient to establish personal jurisdiction.  Carteret, 954
F.2d at 146.

### 2.  Requirements for Personal Jurisdiction

A defendant is subject to the jurisdiction of a United
States district court if the defendant "is subject to the
jurisdiction of a court of general jurisdiction in the state
where the district court is located[.]"  Fed. R. Civ. P.
4(k)(1)(A).  "A federal court sitting in New Jersey has
jurisdiction over parties to the extent provided under New
Jersey state law."  Miller Yacht Sales, Inc. v. Smith, 384 F.3d
93, 96 (3d Cir. 2004)(citations omitted).  The New Jersey long-
arm statute "permits the exercise of personal jurisdiction to
the fullest limits of due process."  IMO Indus., Inc. v. Kiekert

AG, 155 F.3d 254, 259 (3d Cir. 1998) (citing DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 284 (3d Cir. 1981)).

Under the Due Process clause, the exercise of personal jurisdiction over a non-resident defendant is appropriate when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940)).

A defendant establishes minimum contacts by "'purposefully avail[ing] itself of the privilege of conducting activities within the forum State,'" thereby invoking "'the benefits and protections of [the forum State's] laws.'"  Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of California, 480 U.S. 102, 109, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)).  This "purposeful availment" requirement assures that the defendant could reasonably anticipate being haled into court in the forum and is not haled into a forum as a result of "random," "fortuitous" or "attenuated" contacts with the forum state.  See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980); see also

7

Burger King Corp., 471 U.S. at 472, 475, 105 S. Ct. 2174
(internal citations omitted).

In deciding whether a defendant's contacts with a forum are
sufficient to confer personal jurisdiction over that party, the
Court must consider the nature and extent of such contacts.  The
Court may exercise specific personal jurisdiction over a
defendant where the cause of action is related to or arises out
of activities by the defendant that took place within the forum
state.  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466
U.S. 408, 414 n.8, 104 S. Ct. 1868, 90 L. Ed. 2d 404 (1984).  If
the cause of action has no relationship to a defendant's
contacts with a forum state, the Court may nonetheless exercise
general personal jurisdiction over the defendant if the
defendant's contacts with the forum state "are so 'continuous
and systematic' as to render [the defendant] essentially at home
in the forum State."  Daimler AG v. Bauman, --- U.S. ---, 134 S.
Ct. 746, 754, 187 L. Ed. 2d 624 (2014); Goodyear Dunlop Tires
Operations, S.A. v. Brown, 564 U.S. ---, 131 S. Ct. 2846, 2851,
180 L. Ed. 2d 796 (2011).  "'For an individual, the paradigm
forum for the exercise of general jurisdiction is the
individual's domicile; for a corporation, it is an equivalent
place, one in which the corporation is fairly regarded as at
home.'"  Daimler, 134 S. Ct. at 760 (quoting Goodyear, 131 S.
Ct. at 2853-54).

**B.    Venue**

Federal Rule of Civil Procedure 12(b)(3) permits a party to file a motion to dismiss for improper venue.  Fed. R. Civ. P. 12(b)(3).  A party moving for dismissal bears the burden of showing that venue does not lie.  Myers v. Am. Dental Ass'n, 695 F.2d 716, 724-25 (3d Cir. 1982), cert. denied, 462 U.S. 1106, 103 S. Ct. 2453, 77 L. Ed. 2d 1333 (1983).

28 U.S.C. § 1391(b) sets forth the standard for determining venue in federal district court.  This statute provides that venue is proper in:

> (1)  a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3)  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

If venue is not proper in the court in which the case was originally filed, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  "'Dismissal is considered to be a harsh remedy . . .

9

and transfer of venue to another district court in which the
action could originally have been brought, is the preferred
remedy.'" Spiniello Cos. V. Moynier, Civ. No. 2:13-5145, 2014
WL 7205349, at *6 (D.N.J. Dec. 17, 2014) (quoting NCR Credit
Corp. v. Ye Seekers Horizon, Inc., 17 F. Supp. 2d 317, 319
(D.N.J. 1998)); see also C. Wright, A. Miller, et al., 14D Fed.
Prac. & Proc.: Juris. § 3827 (4th ed. 2013)("In most cases of
improper venue, the courts conclude that it is in the interest
of justice to transfer to a proper forum rather than to dismiss
the litigation.").

    If venue is proper in the court in which the case was
originally filed, the court may nevertheless transfer an action
"[f]or the convenience of parties and witnesses, in the interest
of justice, . . . to any other district or division where it
might have been brought or to any district or division to which
all parties have consented." 28 U.S.C. § 1404(a).  In deciding
whether to transfer venue, the court must first determine
whether all parties consent to the transfer[2] and, if not, whether
personal jurisdiction and venue would be proper in the

_____

[2] In 2011, Section 1404(a) was amended to add that a district
court may transfer an action "to any district or division to
which all parties have consented," thereby abrogating prior
decisions which required personal jurisdiction over the
defendants regardless of whether the parties consented to the
transferee forum.  See Guzzetti v. Citrix Online Holdings GmbH,
Civ. A. No. 12-1152, 2013 WL 124127, at *3 n.2 (D. Del. Jan. 3,
2013).

transferee district.  Id.; see also Shutte v. Armco Steel Corp.,
431 F.2d 22, 24 (3d Cir. 1970) ("[A] transfer is authorized by
the statute only if the plaintiff had an 'unqualified right' to
bring the action in the transferee forum at the time of the
commencement of the action; i.e., venue must have been proper in
the transferee district and the transferee court must have had
power to command jurisdiction over all of the defendants."),
cert. denied, 401 U.S. 910, 91 S. Ct. 871, 27 L. Ed. 2d 808
(1971).

      Once an appropriate transferee district is identified, the
Court must then conduct a balancing of certain private and
public factors to determine which forum is most appropriate to
consider the case.  Jumara v. State Farm Ins. Co., 55 F.3d 873,
879 (3d Cir. 1995).  The movant has the burden of demonstrating
that transfer is warranted.  Id.

      The private factors are: (1) "plaintiff's forum preference
as manifested in the original choice," (2) "the defendant's
preference," (3) "whether the claim arose elsewhere," (4) "the
convenience of the parties as indicated by their relative
physical and financial condition," (5) "the convenience of the
witnesses -- but only to the extent that the witnesses may
actually be unavailable for trial in one of the fora," and (6)
"the location of books and records (similarly limited to the

extent that the files could not be produced in the alternative forum)[.]"  Id. (citations omitted).

The public factors are: (1) "the enforceability of the judgment," (2) "practical considerations that could make the trial easy, expeditious, or inexpensive," (3) "the relative administrative difficulty in the two fora resulting from court congestion," (4) "the local interest in deciding local controversies at home," (5) "the public policies of the fora," and (6) "the familiarity of the trial judge with the applicable state law in diversity cases[.]"  Id. at 879–80 (citations omitted).

## IV.  DISCUSSION

### A.  Personal Jurisdiction

In opposing Credit Plus' motion to dismiss for lack of personal jurisdiction, Plaintiff does not argue that the Court may exercise specific jurisdiction, instead focusing only on Credit Plus' general contacts with New Jersey.  (Pl.'s Mem. of Law in Supp. of His Response in Opp. to Def. Credit Plus, Inc.'s Mot. to Dismiss [Doc. No. 23-1] (hereafter, "Pl.'s Opp. Br.") 10 and n.5.)  The Court therefore considers only general jurisdiction in deciding Credit Plus' motion.

Credit Plus correctly notes that the analysis of general jurisdiction, sometimes referred to as "all-purpose jurisdiction," has been altered by the Supreme Court's decisions

12

in Daimler and Goodyear.  (Credit Plus, Inc.'s Reply Br. in
Supp. of its Mot. to Dismiss [Doc. No. 25] 2 n.1.)  Prior to
Daimler, courts found they could exercise general jurisdiction
over a defendant where the defendant had "continuous and
systematic" contacts with the forum state.  See, e.g., Metcalfe,
566 F.3d at 335 (plaintiff satisfied prima facie burden of
establishing general jurisdiction where defendant's contacts
suggested that it "maintained the type of 'continuous and
systematic' contacts needed to find general jurisdiction," even
though such contacts did not "signal that [defendant] has an
overwhelming presence" in forum); Remick v. Manfredy, 238 F.3d
248, 255 (3d Cir. 2001)("General jurisdiction is based upon the
defendant's 'continuous and systematic' contacts with the forum
and exists even if the plaintiff's cause of action arises from
the defendant's non-forum related activities.").

        In Daimler, however, the Supreme Court emphasized that the
general jurisdiction inquiry "is not whether a foreign
corporation's in-forum contacts can be said to be in some sense
'continuous and systematic,' [but] whether that corporation's
'affiliations with the State are so 'continuous and systematic'
as to render [it] essentially at home in the forum State.'"
Daimler, 134 S. Ct. at 761 (quoting Goodyear, 131 S. Ct. at
2851).  The Supreme Court explained that "only a limited set of
affiliations with a forum will render a defendant amenable to

all-purpose jurisdiction there." Id. at 760.  For a corporate defendant, "the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" Id. (internal citation omitted).

The Supreme Court also recognized the possibility that, in an "exceptional" case, "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." Id. at 761 n.19. However, an approach that "approve[s] the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business' . . . is unacceptably grasping." Id. at 761 (internal citation omitted).

In this case, Plaintiff fails to demonstrate that Credit Plus' activities in New Jersey are so continuous and systematic as to render it "at home" in this forum.  Credit Plus is a Maryland corporation with its principal place of business in Maryland.  (Certif. of Dorothy A. Kowal [Doc. No. 26-2], Ex. B.) Therefore, neither of the two paradigmatic scenarios in which a corporation is "at home" are present here, and the Court must consider whether this is an "exceptional" case in which the operations of Credit Plus are so substantial that they render Credit Plus "at home" in New Jersey.

14

In an effort to meet his burden, Plaintiff presents evidence of Credit Plus' contacts with New Jersey.  Plaintiff argues, for example, that Credit Plus holds itself out as a "national company" that advertises nationwide and specifically solicits New Jersey mortgage companies as customers.  (Pl.'s Opp. Br. 3-4.)[3]  In addition to its efforts to solicit business in New Jersey, Plaintiff contends that Credit Plus already conducts business in New Jersey, citing Credit Plus' website which contains a testimonial from a New Jersey client, and arguing that Credit Plus sells reports to New Jersey mortgage companies.  (Id. at 4, 10.)  Plaintiff also cites to an admission of Credit Plus in a separate litigation pending in this District, Van Tuin v. Equifax Info. Solutions, Inc., Civ. A. No. 12-4711, that it "'regularly conducts business in the District of New Jersey.'"  (Id. at 3.)  Plaintiff argues that he "need not show that all, or even a significant portion of a defendant's business is conducted in [the] District where jurisdiction is being challenged" and that it is sufficient that

---

[3] With respect to soliciting New Jersey customers, Plaintiff provides evidence -- albeit not in proper evidentiary form -- that Credit Plus registered as an "exhibitor" at the 2014 Northeast Conference of Mortgage Brokers, which was held in New Jersey, and that a Regional Account Executive of Credit Plus was a speaker and contributor at the New Jersey Association of Mortgage Brokers Conference, held in New Jersey, in 2008. (Pl.'s Opp. Br. at 4; see also Pl.'s Mot., Exs. E, F.)

Credit Plus "solicits for business and actually continuously conducts business in New Jersey." (Id. at 11.)

First, the Court finds unavailing Plaintiff's argument that the Court may exercise personal jurisdiction over Credit Plus because it did not raise personal jurisdiction as a defense in prior litigation in this district. Plaintiff's argument is essentially that Credit Plus has consented to litigate in this forum. The Court recognizes that it may exercise personal jurisdiction over a defendant, even if the defendant does not have sufficient contacts with a forum state, so long as the defendant consents to jurisdiction in the forum. Acorda Therapeutics, Inc. v. Mylan Pharma., Inc., --- F. Supp. 3d ---, 2015 WL 186833, at *12 (D. Del. Jan. 14, 2015)("Consistent with Daimler, it remains the law that general jurisdiction may be established by showing that a corporation is 'at home' in the sense described in detail in Daimler, or separately general jurisdiction may be established by a corporation's consent to such jurisdiction.").

Plaintiff cites no authority to support the theory that Credit Plus' participation in a prior lawsuit in this forum concerning different claims with different parties constitutes consent to settle all future disputes in New Jersey. This Court, in fact, has found ample authority to the contrary. See, e.g., Dow Chem. Co. v. Calderon, 422 F.3d 827, 835-36 (9th Cir.

16

2005) (although defendants consented to jurisdiction in prior action involving same transaction and different plaintiff, defendants did not waive personal jurisdiction objection in subsequent action); Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 937 F.2d 44, 50 n.5 (2d Cir. 1991) ("A party's consent to jurisdiction in one case, however, extends to that case alone.  It in no way opens that party up to other lawsuits in the same jurisdiction in which consent was given, where the party does not consent and no other jurisdictional basis is available."); Olympia Steel Bldg. Sys. Corp. v. Gen. Steel Domestic Sales, LLC, Civ. A. No. 06-1597, 2007 WL 1816281, at *3 (W.D. Pa. June 22, 2007) (court found that general jurisdiction would not arise where defendant participated in litigation on entirely different claims with entirely different parties) (citing Bowers v. NETI Techs., Inc., 690 F. Supp. 349, 356 (E.D. Pa. 1988) and Simplicity Inc. v. MTS Prods., Inc., Civ. No. 5-3008, 2006 WL 924993, at *7 (E.D. Pa. Apr. 6, 2006)).  The Court thus rejects Plaintiff's argument that Credit Plus' failure to raise personal jurisdiction as a defense in the Van Tuin action constitutes consent to litigate any and all future claims in the District of New Jersey.[4]

---

[4] Furthermore, the Van Tuin action was filed in 2012 -- prior to the Supreme Court's decision in Daimler.  Although Credit Plus

Turning to Credit Plus' alleged contacts with New Jersey, the Court finds that such contacts at most demonstrate that Credit Plus has a continuous and systematic course of business in this forum.  But these contacts do not rise to the level of rendering Credit Plus essentially "at home" in New Jersey. Plaintiff fails to recognize that since Daimler, the standard for general jurisdiction requires more than continuous and systematic contacts with a forum.[5]  Therefore, Plaintiff fails to meet his burden of demonstrating that the Court has general personal jurisdiction over Credit Plus.

The Court notes that Plaintiff has asked for jurisdictional discovery concerning the amount of business that Credit Plus conducts in New Jersey.  (Pl.'s Opp. Br. 12.)  Jurisdictional

---

may not have had a basis to raise personal jurisdiction in Van Tuin given its continuous contacts with this forum, the Supreme Court in Daimler made clear that the standard for general jurisdiction requires more than continuous contacts. Accordingly, Credit Plus has a basis to challenge personal jurisdiction in this action even though it may not have been able to raise the challenge in 2012.

[5] Plaintiff cites to Alien Tech. Corp. v. Intermec, Inc., No. 3:06-cv-51, 2007 WL 63989, at *1 (D.N.J. Jan. 4, 2007), where the court found personal jurisdiction over a defendant when only 0.0571% of the defendant's total sales revenue was generated from sales in the forum state.  Alien Tech., however, was decided prior to Daimler, and the court in that case found that the defendant "purposefully availed itself to this forum through continuous and systematic contacts." Id. at *6.  The court did not apply the standard that a defendant's contacts with a forum state must be so continuous and systematic as to render the defendant essentially "at home" in the forum.

18

discovery is generally allowed unless the claim of jurisdiction is "clearly frivolous." Toys "R" Us, 318 F.3d at 456. In order to demonstrate that the claim is not clearly frivolous, the plaintiff must "present[] factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state[.]'" Id. (internal citation omitted). The Third Circuit, however, has cautioned against allowing jurisdictional discovery to serve as "a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 157 (3d Cir. 2010).

Here, neither Plaintiff's complaint nor moving papers makes factual allegations that suggest with "reasonable particularity" the possibility that Credit Plus' operations in New Jersey are so substantial that they render Credit Plus "at home" in this State. Even if Plaintiff was able to obtain more exact figures concerning Credit Plus' business dealings with New Jersey, there is nothing to suggest that such dealings would be "exceptional" as compared to Credit Plus' dealings with other states. See Daimler, 134 S. Ct. at 761 n. 19. The Court, therefore, is not convinced that Plaintiff's request for jurisdictional discovery would add anything to the Court's calculus.

Credit Plus argues that because there is a lack of personal jurisdiction, the Court should dismiss the action rather than transfer the case.  The Court, however, cannot dismiss the action without considering whether transfer to another court is in the interest of justice.  28 U.S.C. § 1631 specifically provides that if the Court finds that there is a want of jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed."  28 U.S.C. § 1631; see also Island Insteel Sys., Inc. v. Waters, 296 F.3d 200, 218 n.9 (3d Cir. 2002) (noting that Section 1631 permits sua sponte transfer for lack of personal jurisdiction).

Neither Credit Plus nor Plaintiff addresses whether it would be in the interest of justice to transfer this case to another district.  As discussed infra, the Court has considered transfer of this case to another court, but at this time the Court is unable to determine whether transfer is in the interest of justice.  The Court, therefore, will grant Credit Plus' motion insofar as Credit Plus seeks a finding that this Court lacks personal jurisdiction over it, but will stay a decision as to whether dismissal or transfer is the appropriate course of action pending further briefing on this issue.

20

B.    Venue

Credit Plus also moves for dismissal of the complaint for improper venue, arguing that New Jersey is not a proper venue for this action.  Because the Court finds that it lacks personal jurisdiction over Credit Plus, it need not consider Credit Plus' argument on venue grounds.

The Court nonetheless considers transfer of venue given Experian and CoreLogic's motion to transfer, and the Court's finding that it lacks personal jurisdiction over Credit Plus. In deciding this issue, the Court must first determine an alternate district in which this case could have been brought. 28 U.S.C. § 1404(a) ("district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."); 28 U.S.C. § 1631 (court must consider transfer "to any other such court in which the action or appeal could have been brought at the time it was filed or noticed."). If all parties do not consent to transfer the case to a particular court, then the Court must consider whether venue would be proper in the proposed transferee court and whether such court could exercise personal jurisdiction over all of the defendants.  See Budget Rent A Car Sys., Inc. v. Missoula Acceptance Co., Civ. A. No. 08-2706, 2009 WL 1883966, at *4 (D.N.J. June 30, 2009)("an action may have been brought in

21

another district if: (1) venue would be proper in that
transferee district; (2) and the transferee district could
exercise jurisdiction over all of the defendants.") (citations
omitted).

In this case, Experian and CoreLogic request transfer to
the Eastern District of North Carolina, apparently consenting to
submit to the jurisdiction of that court.  But Plaintiff opposes
the motion to transfer, and Credit Plus opposes the motion
insofar as it seeks transfer to the Eastern District of North
Carolina.  (Letter from Ross G. Currie, Esq. [Doc. No. 30] 1.)
Because all parties do not consent to the transfer, the Court
must consider whether the Eastern District of North Carolina may
exercise personal jurisdiction over all of the defendants and
whether venue in that district would be proper.  None of the
parties has addressed these issues.

In seeking to transfer this case, Experian and CoreLogic
gloss over the issue of whether jurisdiction and venue in the
Eastern District of North Carolina are proper.  (Experian's Br.
8.)  They argue that the Eastern District of North Carolina
could exercise subject matter jurisdiction over the action
because this case involves a federal question.  (Id.)  They then
summarily contend that venue is proper in that district because
a "substantial part" of the events or omissions giving rise to
Plaintiff's claim occurred there.  (Id.)

22

"Multiple courts considering § 1404 transfer motions in FCRA cases have noted that the situs of the material events . . . is generally the place where the defendant credit reporting agency conducted its business." Smith v. Hireright Solutions, Inc., No. 09-6007, 2010 WL 2270541, at *4 (E.D. Pa. June 7, 2010)(collecting cases).  Experian cites no authority for its contention that the plaintiff's state of residence is where a "substantial part" of the events or omissions occurred for purposes of an FCRA claim.  Furthermore, this case involves three separate defendants who conduct business in three separate states, none of which are located in North Carolina.  Experian and CoreLogic therefore fail to demonstrate that a substantial part of events occurred in the Eastern District of North Carolina.

Even assuming that the Eastern District of North Carolina is a proper venue for this action, Experian and CoreLogic do not address whether that Court could exercise personal jurisdiction over all of the defendants.  See Jumara, 55 F.3d at 879 (venue was proper in Eastern District of Pennsylvania, where defendant was subject to personal jurisdiction); Fortay v. Univ. of Miami, Civ. A. No. 93-3443, 1994 WL 62319, at *8 n.13 (D.N.J. Feb. 17, 1994) ("Prior to transferring any case, a district court must determine whether venue is proper in the transferee court and whether defendants are subject to personal jurisdiction in

transferee court's forum state."). As such, Experian and CoreLogic fail to sufficiently demonstrate that this action could originally have been brought in the Eastern District of North Carolina. Their motion to transfer venue will thus be denied.

The Court is nevertheless left with the issue of whether to dismiss the claims against Credit Plus, or whether it is in the interest of justice to transfer the claims to another district. It is unclear whether there is a single district that could exercise personal jurisdiction over all of the defendants. If there is one district that can exercise personal jurisdiction over all of the defendants, the Court must then consider whether it is in the interest of justice to transfer the case to that district. D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 110 (3d Cir. 2009). If, however, there is not a single district in which the claims against all of the defendants can be brought, the Court should consider whether it is in the interest of justice to sever the claims against Credit Plus and transfer only part of this action to another district. See id. (district court erred in concluding that plaintiff must establish personal jurisdiction over each defendant in the transferee district, noting that "the District Court did not realize that, under our precedent, transfer of the

entire action was not its only option.").[6]  Even if severance is
an option, the Court must weigh "the factors favoring transfer
against the potential inefficiencies of requiring the similar
and overlapping issues to be litigated in two separate forums."
Id. at 111.

　　In sum, the Court is unable at this time to determine
whether it is in the interest of justice to dismiss or transfer
the claims against Credit Plus.  The issue was not briefed by
the parties and is not framed properly before the Court.  The
Court will therefore direct the parties to submit supplemental
briefing on the following issues: (1) whether there is an
alternative forum which could exercise personal jurisdiction
over all of the defendants and in which venue would be proper;
(2) if there is an alternative forum, whether it is in the
interest of justice to transfer the entire action to that court;
(3) if there is not an alternative forum to which the entire
case can be transferred, whether there is a forum to which
Plaintiff's claims against Credit Plus can be severed and
transferred; and (4) in the event there is not an alternative
forum to which the entire case can be transferred, whether it is

---

[6] Credit Plus has, in fact, suggested that the claims were not
properly joined under Fed. R. Civ. P. 20(a)(2).  (Letter from
Ross G. Currie, Esq. [Doc. No. 30] 1.)  Although the parties
have not briefed or developed a record on this issue, there is
perhaps a basis to sever the claims against Credit Plus and
transfer only those claims to a different district.

in the interest of justice to sever the claims against Credit Plus and proceed in a separate action in another forum on such claims.

## V.  <u>CONCLUSION</u>

For the reasons discussed above, Credit Plus' motion to dismiss for lack of personal jurisdiction and lack of venue will be granted in part and denied in part.  The Court finds that it lacks personal jurisdiction over Credit Plus, but will stay dismissal of Plaintiff's claims against this defendant so the parties have the opportunity to provide supplemental briefing on the issue of whether it is in the interest of justice to transfer the case or dismiss Plaintiff's claims against Credit Plus.  As the Court has concluded that it lacks personal jurisdiction over Credit Plus, it need not decide whether Plaintiff's claims against this defendant should be dismissed for improper venue, and the motion is therefore denied as moot in this regard.  The motion to transfer venue filed by Experian, which is joined in by CoreLogic, is denied, as these parties fail to demonstrate that the claims in this case could have been

brought in the Eastern District of North Carolina in the first instance.

An Order consistent with this Opinion will be entered.

Dated: May 20, 2015

       s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey