UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

WILLIAM FESNIAK, SR.,

               Plaintiff,           Civil No. 14-3728 (NLH/KMW)

v.

EQUIFAX MORTGAGE SERVICES      **OPINION**
LLC, et al.,

               Defendants.

_____

**APPEARANCES:**

Erin Amanda Novak, Esquire
Mark D. Mailman, Esquire
Francis & Mailman PC
100 South Broad Street
19th Floor
Philadelphia, Pennsylvania 19110

     *Attorneys for Plaintiff*

Dorothy A. Kowal, Esquire
Price, Meese, Shulman & D'Arminio, PC
Mack-Cali Corporate Center
50 Tice Boulevard
Woodcliff Lake, New Jersey 07677

     *Attorneys for Defendant Experian Information*
     *Solutions, Inc.*

Kelly Ann Williams, Esquire
Picadio Sneath Miller & Norton PC
444 Liberty Avenue
Suite 1105
Pittsburgh, Pennsylvania 15222

     *Attorneys for Defendant Corelogic Credco, LLC*

Richard A. O'Halloran, Esquire
Ross G. Currie, Esquire
Dinsmore & Shohl LLP
1200 Liberty Ridge Drive
Suite 310
Wayne, Pennsylvania 19087

   *Attorneys for Defendant Credit Plus, Inc.*

**HILLMAN, District Judge:**

   This case concerns claims made pursuant to the Fair Credit
Reporting Act, 15 U.S.C. § 1681, against Experian, CoreLogic,
Credit Plus, and Equifax Mortgage Services LLC (hereafter,
"Equifax").  On May 20, 2015, the Court Ordered the parties to
submit supplemental briefs to address following issues: (1)
whether there is an alternative forum which could exercise
personal jurisdiction over all of the Defendants and in which
venue would be proper; (2) if there is an alternative forum,
whether it is in the interest of justice to transfer the entire
action to that court; (3) if there is not an alternative forum
to which the entire case can be transferred, whether there is a
forum to which Plaintiff's claims against Credit Plus can be
severed and transferred; and (4) in the event there is not an
alternative forum to which the entire case can be transferred,
whether it is in the interest of justice to sever the claims
against Credit Plus and proceed in a separate action in another
forum on such claims.

For the reasons that follow, the Court will sever the claims against Credit Plus and transfer those claims to the District of Maryland.  The Court will transfer the claims against Experian and CoreLogic to the Eastern District of North Carolina where those parties have consented to jurisdiction.

I.   **BACKGROUND**

As set forth in the Court's prior Opinion, Plaintiff brought this action for damages under the FCRA against Experian, CoreLogic, Credit Plus, and Equifax.  Plaintiff is a North Carolina resident who claims to have been denied credit opportunities from lenders in several states based upon credit reports generated by Defendants.  Plaintiff generally avers that Defendants employ "faulty" procedures that caused Plaintiff's credit file to be mixed with the credit file of another consumer, which has purportedly caused damages to Plaintiff in the form of credit denial, loss of credit opportunity, credit defamation and emotional distress.  Compl. ¶¶ 10, 22.

In the complaint, Plaintiff alleges that Equifax, CoreLogic and Credit Plus obtain consumer credit information from the three major credit reporting agencies -- Experian, Trans Union, LLC and Equifax Information Services LLC -- and then assemble the information into consumer credit reports which are sold to third parties.  Compl. ¶¶ 13, 14.  Plaintiff avers that Equifax,

CoreLogic and Credit Plus requested and obtained a report from Experian about Plaintiff that erroneously included a bankruptcy, but the reports from Trans Union and Equifax Information Services did not contain similar information.  Compl. ¶¶ 14-20. According to Plaintiff, Equifax, CoreLogic and Credit Plus "did nothing to investigate the conflicting information received from the three major credit bureaus about the bankruptcy[,]" and then sold consumer credit reports about Plaintiff that included the bankruptcy.  Compl. ¶¶ 20-21.

The complaint contains one count for a violation of the FCRA against Experian for its purported willful and negligent failure to comply with the requirements imposed on a consumer reporting agency under the FCRA, and one count against Equifax, CoreLogic and Credit Plus for these Defendants' alleged failure to "employ and follow reasonable procedures to assure maximum possible accuracy and privacy of Plaintiff's credit report, information and file" in violation of the FCRA.  Compl. ¶¶ 29, 33.  Plaintiff and Equifax reached a settlement and Plaintiff's claims against Equifax have been dismissed.

Credit Plus previously moved to dismiss Plaintiff's complaint on the grounds of lack of personal jurisdiction and improper venue.  In its May 20, 2015 Order, the Court granted Credit Plus's motion to the extent it argued that the Court lacked personal jurisdiction over Credit Plus.  The Court stayed

4

dismissal of the claims against Credit Plus pending a determination of whether it is in the interest of justice to transfer rather than dismiss the claims against Credit Plus. Experian and CoreLogic moved to transfer this action to the Eastern District of North Carolina, where Plaintiff resides, and consented to the jurisdiction of that court.  The Court denied Experian and CoreLogic's motion because it was unclear whether the Eastern District of North Carolina could exercise jurisdiction over all of the remaining Defendants.  Therefore, the Court directed the parties to submit supplemental briefs on the issues of personal jurisdiction and venue, now before the Court.

In its supplemental brief, Plaintiff requests that the Court sever the claims against Credit Plus and transfer those claims to the District of Maryland while keeping the remaining claims against Experian and CoreLogic in the District of New Jersey.  Experian requests that the Court not sever any claims but transfer the entire case to a forum which has personal jurisdiction over all the Defendants,[1] preferable the Eastern District of North Carolina.  CoreLogic argues that the District of New Jersey does not have personal jurisdiction over it but

---

[1] It is likely no such forum exists as to all three Defendants remaining in the case.

consents to transfer to the Eastern District of North Carolina. CoreLogic further argues that if the Court finds that the Eastern District of North Carolina does not have personal jurisdiction over Credit Plus, Plaintiff's claims against Credit Plus can be severed and transferred to the District of Maryland. Credit Plus additionally argues Plaintiff has misjoined Credit Plus and its claims against Credit Plus should be dismissed.

## II.   **JURISDICTION**

Plaintiff brings this action against Defendants asserting claims under the FCRA.  The Court therefore has subject matter jurisdiction over these federal claims under 28 U.S.C. § 1331.

## III. **LEGAL STANDARDS**

28 U.S.C. § 1391(b) sets forth the standard for determining venue in a federal district court.  This statute provides that venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

If venue is not proper in the court in which the case was originally filed, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "'Dismissal is considered to be a harsh remedy . . . and transfer of venue to another district court in which the action could originally have been brought, is the preferred remedy.'" Spiniello Cos. V. Moynier, No. 13-5145, 2014 WL 7205349, at *5 (D.N.J. Dec. 17, 2014) (quoting NCR Credit Corp. v. Ye Seekers Horizon, Inc., 17 F. Supp. 2d 317, 319 (D.N.J. 1998)); see also C. Wright, A. Miller, et al., 14D Fed. Prac. & Proc.: Juris. § 3827 (4th ed. 2013) ("In most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation.").

If venue is proper in the court in which the case was originally filed, the court may nevertheless transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In deciding whether to transfer venue, the court must first determine whether all parties consent to the transfer and, if not, whether

7

personal jurisdiction and venue would be proper in the transferee district.  Id.; see also Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970) ("[A] transfer is authorized by the statute only if the plaintiff had an 'unqualified right' to bring the action in the transferee forum at the time of the commencement of the action; i.e., venue must have been proper in the transferee district and the transferee court must have had power to command jurisdiction over all of the defendants."), cert. denied, 401 U.S. 910, 91 S. Ct. 871, 27 L. Ed. 2d 808 (1971).

Once an appropriate transferee district is identified, the court must then conduct a balancing of certain private and public factors to determine which forum is most appropriate to consider the case.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).  The movant has the burden of demonstrating that transfer is warranted.  Id.

The private factors are: (1) "plaintiff's forum preference as manifested in the original choice," (2) "the defendant's preference," (3) "whether the claim arose elsewhere," (4) "the convenience of the parties as indicated by their relative physical and financial condition," (5) "the convenience of the witnesses -- but only to the extent that the witnesses may actually be unavailable for trial in one of the fora," and (6) "the location of books and records (similarly limited to the

8

extent that the files could not be produced in the alternative forum)[.]"  Id. (citations omitted).

The public factors are: (1) "the enforceability of the judgment," (2) "practical considerations that could make the trial easy, expeditious, or inexpensive," (3) "the relative administrative difficulty in the two fora resulting from court congestion," (4) "the local interest in deciding local controversies at home," (5) "the public policies of the fora," and (6) "the familiarity of the trial judge with the applicable state law in diversity cases[.]"  Id. at 879–80 (citations omitted).

## IV.  DISCUSSION

As a preliminary matter, Credit Plus argues it has been misjoined in this action because the claims against it do not arise from a single transaction, occurrence, or series of transactions or occurrences pursuant to Fed. R. Civ. P. 20(a)(2).  That Rule provides that defendants may be joined together if:

> (A)  any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> (B)  any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Credit Plus argues that Plaintiff's
claims against it are wholly unrelated to the remaining claims
in the case.  Specifically, Credit Plus points out that
Plaintiff's claims against CoreLogic relate to CoreLogic's
alleged sale of consumer credit information in January and March
2014 while Plaintiff's claims against Credit Plus arise from
transactions a year and a half prior.  Credit Plus argues that
the complaint lacks any allegation that these transactions have
anything in common.  The Court agrees.  In his supplemental
brief, Plaintiff states that the operative facts concerning
Credit Plus include the sale of a Credit Plus report, generated
by a Maryland company, to a third party-user also located in
Maryland in June 2012.  Plaintiff's allegations against
CoreLogic take place a year and a half later in 2014 and concern
the sale of two Corelogic reports, generated by a California
company, and sold to third party users in Michigan and Texas.

     As a result of its improper joinder under Fed. R. Civ. P.
20(a)(2) Credit Plus asks that the Court dismiss the claims
against it and notes that there is no alternative forum in which
jurisdiction and venue as to all Defendants would be proper.
The Court agrees that Credit Plus's claims do not arise from a
single transaction or occurrence, or series of transactions or
occurrences, but rather than dismissing Credit Plus's claims,
the Court finds that severance under Fed. R. Civ. P. 21 is in

the interest of justice.  Fed. R. Civ. P. 21 provides that,
"[o]n motion or on its own, the court may at any time, on just
terms, add or drop a party. The court may also sever any claim
against a party."  Because Plaintiff's claims against Credit
Plus do not appear to relate to the same action or occurrence,
the Court finds in the interest of convenience and judicial
economy, severance of Credit Plus's claims is appropriate.
Accordingly, Credit Plus's severed claims will be transferred to
a court with proper venue and which can exercise personal
jurisdiction over Credit Plus.  See Spiniello Cos. V. Moynier,
No. 13-5145, 2014 WL 7205349, at *5 (D.N.J. Dec. 17, 2014)
(quoting NCR Credit Corp. v. Ye Seekers Horizon, Inc., 17 F.
Supp. 2d 317, 319 (D.N.J. 1998) ("'Dismissal is considered to be
a harsh remedy . . . and transfer of venue to another district
court in which the action could originally have been brought, is
the preferred remedy.'").

     Having found Credit Plus's claims will be severed, the
Court turns to determining the appropriate venue for Plaintiff's
action against the three remaining Defendants.  "When venue is
challenged, the plaintiff bears the burden of proving that venue
is proper." NCR Credit Corp. v. Ye Seekers Horizon, Inc., 17 F.
Supp. 2d 317, 319 (D.N.J. 1998).  28 U.S.C. § 1391(b) sets forth
the standard for determining venue in federal district court.
This statute provides that venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or
>
> (3) a substantial part of property that is the subject of the action is situated; or if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Venue is not proper under 28 U.S.C. § 1391(b)(1) or (b)(2) because none of the Defendants reside in the District of New Jersey, Plaintiff has not shown that a substantial part of the events or omission giving rise to his claims occurred here, and under (b)(3), there is no property at issue in New Jersey. Additionally, under § 1391(b)(3), "if there is no district in which an action may otherwise be brought as provided in this section, [venue is proper in] any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3). Here, Experian concedes personal jurisdiction in the District Of New Jersey. See Experian Supp. Br. at 1 ("Experian does not contest the personal jurisdiction in any of the forums identified by Plaintiff, or in the District of New Jersey."); Zelson v. Thomforde, 412 F.2d 56, 59 (3d Cir. 1969) ("personal

jurisdiction may be conferred by consent of the parties").
Thus, because Experian is subject to personal jurisdiction in
the District of New Jersey venue is proper under § 1391(b)(3).

Having found venue as to Experian and CoreLogic is proper
in the District of New Jersey, the Court considers whether it
should nevertheless transfer an action "[f]or the convenience of
parties and witnesses, in the interest of justice, . . . to any
other district or division where it might have been brought or
to any district or division to which all parties have
consented." 28 U.S.C. § 1404(a).  In deciding whether to
transfer venue, the court must first determine whether all
parties consent to the transfer and, if not, whether personal
jurisdiction and venue would be proper in the transferee
district.  Id.

Here, personal jurisdiction would be proper in the District
of Maryland for Credit Plus and both Experian and CoreLogic have
consented to transfer to the Eastern District of North Carolina.[2]
Even though Experian and CoreLogic have consented to transfer to
the Eastern District of North Carolina, this Court must still

---

[2] In 2011, Section 1404(a) was amended to add that a district
court may transfer an action "to any district or division to
which all parties have consented," thereby abrogating prior
decisions which required personal jurisdiction over the
defendants regardless of whether the parties consented to the
transferee forum.  See Guzzetti v. Citrix Online Holdings GmbH,
No. 12-1152, 2013 WL 124127, at *3 n.2 (D. Del. Jan. 3, 2013).

conclude that the factors of convenience justify transfer. See §
3841 History and Purpose of 28 U.S.C.A. § 1404(a), 15 Fed. Prac.
& Proc. Juris. § 3841 (4th ed.)

The Court now turns to the private and public factors.
Stated again, the private factors are: (1) plaintiff's forum
preference as manifested in the original choice, (2) the
defendant's preference, (3) whether the claim arose elsewhere,
(4) the convenience of the parties as indicated by their
relative physical and financial condition, (5) the convenience
of the witnesses -- but only to the extent that the witnesses
may actually be unavailable for trial in one of the fora, and
(6) the location of books and records.

Here, Plaintiff's original choice of forum was the District
of New Jersey, but now makes no viable argument as to why New
Jersey is an appropriate forum since Equifax's dismissal.
Experian and CoreLogic prefer that the case be litigated
elsewhere.  It is also apparent that Plaintiff's claims did not
arise in New Jersey and there is no evidence that the parties,
witnesses or documents will be found here.  Thus, these factors
weigh in favor of transfer.

As to the public factors, the Court considers: (1) the
enforceability of the judgment, (2) practical considerations
that could make the trial easy, expeditious, or inexpensive, (3)
the relative administrative difficulty in the two fora resulting

14

from court congestion, (4) the local interest in deciding local controversies at home, (5) the public policies of the fora, and (6) the familiarity of the trial judge with the applicable state law in diversity cases.  Here, the public factors weigh neutrally except that there is little local interest in deciding controversies which did not occur in this District and do not affect any parties here.  Accordingly, "all relevant things considered, the case would be better off transferred to another district."  In re United States, 273 F.3d 380, 388 (3d Cir. 2001).

**V.    CONCLUSION**

The Court concludes in the interests of justice, Plaintiff's claims against Credit Plus shall be severed and transferred to the District of Maryland.  Plaintiff's claims against CoreLogic and Experian shall be transferred to the Eastern District of North Carolina.  An Order consistent with this Opinion will be entered.

s/ Noel L. Hillman
Dated: December 28, 2015         NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

15